DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that awarded legal custody of eight-year-old Christopher B. and three-year-old Dillon B. to their natural father. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant, natural mother of both children, sets forth the following assignment of error:
 "THE DECISION OF THE TRIAL COURT AWARDING LEGAL CUSTODY OF CHRISTOPHER AND DILLON b. WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
The facts that are relevant to the issues raised on appeal are as follows. The children's parents were divorced in 1999. At that time, appellant was named residential parent and legal custodian of the boys. On March 22, 2000, appellee Lucas County Children Services ("LCCSB") filed a "COMPLAINT IN DEPENDENCY, NEGLECT AND ABUSE AND MOTION FOR SHELTER CARE HEARING." In the complaint, the agency alleged that on March 21, 2000, Christopher had appeared at school with a contusion covering the right side of his face and his right ear and that the child said his mother had hit him with a belt; that appellant denied hitting Christopher with a belt but admitted that she slapped him in the mouth; that appellant reported that Christopher was a severe behavior problem and that she was overwhelmed with trying to deal with him; that Dillon was examined on March 21, 2000 and found to have a bruise on his left eye and his left cheek and scratches and a bruise on his forehead; and that Christopher reported that when his mother hit him she also hit Dillon with a belt. Following the shelter care hearing, temporary custody of the children was awarded to their father ("appellee").
The matter was scheduled for mediation on May 15, 2000, and for an adjudication hearing on May 18, 2000. As a result of the mediation, the children were adjudicated dependent and abused by agreement of the parties. On May 15, 2000, the children's guardian ad litem filed a report in which he recommended that the boys continue to live with their father. On May 16, 2000, appellee filed a motion for legal custody of his sons.
The matter proceeded to a dispositional hearing before a magistrate on May 18, 2000. LCCSB caseworker Kristin Bell testified that it was the agency's recommendation that legal custody of Christopher and Dillon be transferred to their father. Bell stated that the boys appeared to be doing well in their father's care. She testified that the home was "fine" and that what she had seen on her home visits was "appropriate." Bell testified that appellee is following through with therapy for Christopher on a weekly basis and Early Intervention Services as well as physical therapy for Dillon. Appellee also is attending domestic violence counseling that was ordered as part of his probation following an incident in 1999 when appellant accused him of striking her. Bell also testified that appellant was addressing such issues as anger management and past drug abuse through counseling.
Appellant testified that she is currently seeing a psychiatrist every two months and plans on attending an anger management class. She testified that appellee did not have a lot of interaction with the children when the parties lived together because he worked long hours and slept a lot and also said his visitation with the children after the divorce was sporadic. She testified as to the children being removed from the home after it was alleged that appellee struck Christopher in the face.
Christine Bius, appellant's mother, testified that appellant yells a lot and swears at her children but said she has never seen her daughter strike them. Bius stated that she has not had the opportunity to see appellee parent the children on a regular basis. She stated that when she has been able to observe appellee with the children he is good with them, but she said his contact with them over the years has been infrequent.
Appellee testified as to his present relationship with the children and the living arrangements in his home. He stated that Christopher is trying harder in school and said he keeps in contact with his son's teacher. Appellee discussed the incident in 1999 when he and appellant argued and he struck her. Appellee further testified that he stopped going to appellant's house to see the children, because he and appellant argued so much and he did not want the children to be exposed to the fighting.
The magistrate found that it was in the boys' best interest for legal custody to be awarded to their father, and on June 2, 2000, the trial court adopted the magistrate's decision. Appellant filed objections to the magistrate's decision and the matter proceeded to hearing. By judgment entry filed September 22, 2000, the trial court overruled the objections.
Appellant now appeals, asserting that neither father nor LCCSB provided sufficient evidence to support an award of custody to the boys' father. Appellant cites Juv.R. 29(E)(4) in support of her claim that in a dispositional hearing the court must determine the issues by a preponderance of the evidence. Juv.R. 29, however, applies to adjudicatory hearings only and the standard of proof as set forth in Juv.R. 29(E)(4) for dependency, neglect and abuse cases such as this one is clear and convincing evidence. Dispositional hearings are governed by Juv.R. 34.
Pursuant to R.C. 2151.353(A)(3), the trial court may award legal custody of a child who has been adjudicated abused, dependent or neglected to either parent. A juvenile court's "best interest" analysis and decision during the dispositional phase of a case will not be overturned where the decision is supported by competent, credible evidence. In re Pryor (1993), 86 Ohio App.3d 327, 339.
In this matter, the magistrate made specific findings that appellee is meeting his parental responsibilities, that the children are doing acceptably since being placed with him, and that appellant's problems caring for the children had not yet been resolved. The magistrate further found that appellee is taking them to counseling and therapy and is involved with Christopher's schooling. Based on the foregoing, we find that there was sufficient evidence adduced below to support a finding that it was in Christopher's and Dillon's best interest for legal custody to be awarded to their father and, accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs are assessed to appellant.
 ________________________ Melvin L. Resnick, JUDGE
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.